## G. P. JUDD *vs* LADD & CO.

Notice of a motion for a postponement of trial ought to be given to the opposite party, together with a copy of the affidavit upon which the motion is based.

But when this had not been done, the Court granted the motion, upon condition that the costs of the opposite party should be paid instanter.

The defendants moved the court for postponement of this case upon affidavit of the absence of material witnesses. The plaintiff opposed the motion with counter affidavits, on the ground of delay

and the danger of losing his claim; and requested of the court, if it was postponed, that defendants should give security, &c.

The court took time to consider the motion, and gave the following decision :

This is a motion made by the defendants for the postponement of trial, and founded upon the common affidavit of the absence of material witnesses. These witnesses are Milo Calkin and James B. McClurg; one of whom has gone to the United States, and the other to California.

The plaintiff has never been served with any notice of this motion, that he might be prepared to show cause why the same should not be granted; but he is taken wholly by surprise, and rendered unable to meet the motion, although one of the most vital importance to his interests. He is compelled, notwithstanding the defendants must have known that these witnesses would be absent at the trial, and must have intended to move the court for a postponement of the trial long before the commencement of the term — notwithstanding this, and their ability to have given the plaintiff due notice of their motion, it is delayed until the calling of the case upon the calendar, and the plaintiff is compelled to meet it wholly unprepared—upon the spur of the occasion. Justice and equity, require, in every case of this kind, that when notice can be given, it should be; and a copy of the affidavit upon which the motion is founded, served on the opposite party, that he may be prepared to meet the same.

It was necessary under the practice of the common law, to give the opposite party at least two days notice of a motion of this kind, and an affidavit of service of such notice must at the time of making the motion be then produced and read. " And motion to put off trial which was to be the then next day has been held too late." Vide 1 Crompton's Practice, 217. Barnes, 438, 442.

Though notice could have been given, and copy of affidavit served in this case, nothing of the kind has been done, and on this ground alone the court would be justified in denying the motion. Moreover the motion itself is a faulty one as it states no definite time of postponement, but asks that the trial be put off until the absent witnesses return, which may be one year, two years, or never. It is necessary that some specific time be mentioned in a motion to postpone trial; and one of the three great essentials of an affidavit founding such a motion, is, that it state that the witnesses can be had at the time to which the trial is to be deferred. Vide Graham's Practice, 246. 3 Burrows' Rep., 1514.

The whole proceeding on the part of the defendants' counsel has been an informal one to say the least; but the court strongly disliking every thing like technicality, and aiming only at substantial and impartial justice, desire not to make this informality the ground of their decision. Technical rules, though necessary to the order of all legal proceedings, often work great injury when too strictly enforced, and this court will at all times seek to give them the most liberal construction, that they may not tend to the evasion and defeat of the true end of all law, that is, impartial justice.

The plaintiff swears in his affidavit, that this motion, as he verily believes, is made solely for the purpose of delay, and the defeat of his claim. If this be so, common sense, equity and justice would

seem to demand that the request of the plaintiff requiring the defend-
ants to give security, if the postponement be granted, should be en-
forced: else when men are sued, they may, by making the common
affidavit, (in which it was remarked by the Court of King's Bench so
early as the time of George III., " Men take great latitude in swear-
ing in the common form ") postpone the trial, and in the meantime
dispossess themselves of their property, and thus render the plaintiff's
judgment, when recovered, utterly worthless.

But the court, lest injustice should, by any possibility, however re-
mote, result to the defendants in this suit, do grant the usual post-
ponement, and order that this trial be put off until the next term of
this court, and upon the usual rule, that the costs of the opposite
party be paid "*instanter*," that is, within twenty-four hours.

In making this decision, the court would by no means be under-
stood as establishing the precedent that, generally, trials may be
postponed without giving security when required by the opposite party.
The practice of the court is not arbitrary on this subject, but such as, in
their discretion, will work the greatest justice in the cases arising.
The courts of England and America are, at the present time, leaning
strongly against any such practice. They very properly regard it
with jealousy and disfavor, as often working the defeat of just claims.

Mr. Judd in person for plaintiff.

Mr. DeFiennes for defendants.